NOZAKI BROS., INC., ET AL. *v.* UNITED STATES

**No. 6245.**—Invoices dated Yokohama, Japan, June 25, 1936, etc.
Certified June 25, 1936, etc.
Entered at San Francisco, Calif., July 11, 1936, etc.
Entry No. 425, etc.

(Decided January 3, 1946)

*Harper & Harper* for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KEEFE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the court, as to merchandise covered by the reappraisement appeals in the annexed schedule A:

(1) That this stipulation is limited to so much of said merchandise as is described in the invoices as clams in 5-ounce cans or tins and in 8-ounce cans or tins; said articles being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in T. D. 47031.

(2) That such merchandise is the same in all material respects as the imported clams involved in *North American Mercantile Co. et al.* v. *United States*, Reap. Dec. 6020, and in *United States* v. *Mutual Supply Co. et al.* and *Mutual Supply Co. et al.* v. *United States*, Reap. Dec. 5950, and that the issues herein are the same in all material respects as the issues involved in said decisions.

(3) That upon the dates of exportation to the United States of the merchandise covered by these appeals, like or similar merchandise manufactured or produced in the United States was being freely offered for sale and sold to all purchasers in the principal markets of the United States in the ordinary course of trade and in the usual wholesale quantities, including all containers and coverings and all costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at the following prices per dozen cans or tins, less a cash discount of 1½ per centum:

*5-ounce size*

| | |
|---|---|
| Jan. 1, 1934, to May 31, 1935 | $1. 00 |
| June 1, 1935, to Nov. 20, 1936 | . 90 |
| Dec. 1, 1936, to Apr. 30, 1937 | . 95 |
| May 1, 1937, to Dec. 31, 1940 | 1. 00 |

*8-ounce size*

| | |
|---|---|
| June 1, 1935, to Nov. 30, 1936 | 1. 50 |
| March 1, 1937, to Dec. 31, 1940 | 1. 65 |

(4) That the records in said Reap. Dec. 6020 and said Reap. Dec. 5950 may be incorporated herein and that upon this stipulation these appeals may be deemed submitted, they being abandoned as to all merchandise except that referred to above.

On the agreed facts I find the American selling price, as that value is defined in section 402 (g) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise described in the invoices as clams in 5-ounce cans or tins and in 8-ounce cans or tins, and that such values, for merchandise exported during the specified periods, are as follows:

5-ounce size

|  | per dozen |  |
|---|---|---|
| Jan. 1, 1934, to May 31, 1935 | $1. 00 | |
| June 1, 1935, to Nov. 20, 1936 | . 90 | |
| Dec. 1, 1936, to Apr. 30, 1937 | . 95 | less 1½ per centum cash discount |
| May 1, 1937, to Dec. 31, 1940 | 1. 00 | |

8-ounce size

| June 1, 1935, to Nov. 30, 1936 | 1. 50 |
| March 1, 1937, to Dec. 31, 1940 | 1. 65 |

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.